Robert P. Kennedy, J.
Defendant has been charged with the crime of murder by an indictment returned by the Ontario County Grand Jury.
The defendant is currently in the Monroe County Jail awaiting trial on an indictment charging him with having committed a murder in that county.
The District Attorney has made application for an order compelling the production of the defendant in this county for arraignment on this county’s indictment. Pursuant to CPL 560.10, notice of the application was served on the District Attorney of Monroe County and on the Public Defender of Monroe County, the office which is defending defendant on the Monroe County indictment.
The Public Defender appeared before this court, filed an affidavit and made oral argument opposing the granting of the requested order. A letter from the Monroe County District Attorney stating that he has no objection to the application to bring defendant to this county has been filed with the Clerk.
Monroe and Ontario Counties are neighboring counties. Basically, the same radio and television stations and newspapers service both counties. What happens of note in one county is generally known in the other. Defendant maintains, therefore, *416 that he would be prejudiced in his Monroe County trial if he were to be arraigned on another murder indictment in this county.
This court has no desire to, and, in view of the again stated rule in regard to public proceedings in the courts as laid down in Matter of Oliver v. Postel (37 A D 2d 498) cannot conduct an arraignment in private. This being the case, if the defendant is to be arraigned, it must be in open court.
The situation brings two constitutional provisions face to face. The Sixth Amendment requires a “speedy” trial, the Fourteenth, a ‘ ‘ fair ’ ’ trial. In addition, there are several statutory provisions dealing with the speedy trial issue, such as CPL 30.20, 210.20, and 580.10. The day is long past when a prosecutor could file a detainer and forget about the proceedings (People v. Winfrey, 20 N Y 2d 138; People v. Minicone, 28 N Y 2d 279).
Under our statutory proceeding for securing attendance of defendants confined in institutions within the State an additional, possible problem can present itself and, of course, it presents itself in the proceeding before the court. The defendant has been arraigned and counsel assigned to represent him in the Monroe County action. Since this proceeding is to bring him before this court for arraignment, he is not represented in this proceeding in this county. The Public Defender cannot represent him outside his county. Who, then, speaks for defendant here?
The court cannot get 'him here in person prior to a decision to grant the District Attorney’s application over the objection of defendant’s Monroe County attorney, so it can’t be said that defendant waived his rights to a speedy trial on the Ontario County indictment and if the application is granted then the fair trial issue in Monroe County comes to the fore.
The Public Defender forgets that the coin he has tossed has two sides. If defendant would be prejudiced in the Monroe County proceeding by publicity generated by his arraignment in Ontario County, he would face the same, if not greater danger, in the Ontario County proceeding if that proceeding were delayed until the Monroe County proceeding is completed by publicity brought about by that trial, especially if it resulted in a conviction.
The court can take judicial notice of the fact that the population of Monroe County is much greater than that of Ontario County. Therefore, the pool of potential jurors is much larger in Monroe than in Ontario, thereby enhancing the ability to seat a jury in Monroe County that has not been exposed to publicity resulting from the Ontario County proceedings.
*417 The court is not at all convinced that prejudice will result because of either proceeding, but it would seem that if any does come about, it would have less impact by going ahead with the Ontario County indictment first. This also would solve the “ speedy trial ” issue.
The District Attorney’s application for production of the defendant in this court is granted. Pursuant to CPL 560.10 (subd. 2) and the Public Defender’s request, execution of the order hereunder is stayed for 10 days after the entry thereof to give the Public Defender an opportunity to apply to a Justice of the Appellate Division, Fourth Department, for an order vacating the order hereunder.